IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEVON R. PINES,<br><br>    Plaintiff,<br><br>v.<br><br>TIMOTHY MCMURRICK; SCOTT ATTAWAY; STEVEN WHIDBY; DEAN OWENS; CITY OF KENT; and KING COUNTY, DEPARTMENT OF ADULT & JUVENILE DETENTION,<br><br>    Defendants. | Cause No.: 2:21-cv-00585-JLR<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT |

Plaintiff alleges:

## I. IDENTIFICATION OF PARTIES, JURISDICTION AND VENUE

**1.1  PLAINTIFF** – Plaintiff Jevon R. Pines is a resident of Washington.

**1.2.  DEFENDANT GOVERNMENTAL ENTITIES**- Defendant City of Kent, including its Police Department, is a municipal corporation formed under the laws of the State of Washington. Defendant may be served through its mayor, city manager, or, during normal office hours, through the mayor's or city manager's designated agent or the city clerk thereof. Defendant City of Kent was the employer of Officer Corey Chapman at the time of the incidents alleged herein.

PLAINTIFF'S 1ST AMENDED
COMPLAINT

Page 1

THE HORNBUCKLE FIRM
1408 -140th Place N.E., Suite 250
Bellevue, WA 98007
Tel: (425) 679-0742

Defendant King County, including its Department of Adult & Juvenile Detention ("DAJD"), is a local sovereign governmental entity incorporated as a municipal corporation. As such, Defendant King County is duly incorporated and organized under the laws of the State of Washington. Defendant may be served through the county auditor or, during normal office hours, to the deputy auditor. Defendant King County was the employer of Defendants Timothy McMurrick, Scott Attaway, Steven Whidby, and Dean Owens at the time of the incidents alleged herein.

### 1.3. INDIVIDUAL DEFENDANTS –

Defendant Timothy McMurrick is an individual residing in this judicial district. At all times relevant hereto, Defendant McMurrick was a Corrections Officer with the King County Department of Adult & Juvenile Detention, an employee of King County, and was acting within the course and scope of his employment. All acts committed by Defendant McMurrick were done under color of the laws of the State of Washington and under the authority of his position as a Corrections Officer with King County. Defendant McMurrick may be served at 21462 SE 277th St., Maple Valley, WA 98038.

Defendant Scott Attaway is an individual residing in this judicial district. At all times relevant hereto, Defendant Attaway was a Corrections Officer with King County Adult & Juvenile Detention, an employee of King County, and was acting within the course and scope of his employment. All acts committed by Defendant Attaway were done under color of the laws of the State of Washington and under the authority of his position as a Corrections Officer with King County. Defendant Attaway may be served at 18410 95th Ave. East, Puyallup, WA 98375.

Defendant Dean Owens is an individual residing in this judicial district. At all times relevant hereto, Defendant Owens was a Corrections Captain with King County Adult & Juvenile Detention, an employee of King County, and was acting within the course and scope of his employment. All acts committed by Defendant Owens were done under color of the laws of the State of Washington and under the authority of his position as a Corrections Captain with

King County. Defendant Owens may be served at 15804 SE 264th St., Covington, WA 98042.

Defendant Steven Whidby is an individual residing in this judicial district. At all times relevant hereto, Defendant Whidby was a Corrections Sergeant with King County Adult & Juvenile Detention, an employee of King County, and was acting within the course and scope of his employment. All acts committed by Defendant Whidby were done under color of the laws of the State of Washington and under the authority of his position as a Corrections Sergeant with King County. Defendant Whidby may be served at 209 Kendall St NE, Orting, WA 98360.

**1.4. CAPACITY** - Plaintiff sues all individual defendants in their individual capacities and municipal defendants City of Kent and King County in their/its official capacities.

**1.5 JURISDICTION** - The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.

**1.6 VENUE** - Venue is appropriate in the Western District of Washington because the events complained of occurred in this District, and at least some of the Defendants reside in this District. 28 U.S.C. § 1391.

## 2. FACTUAL ALLEGATIONS

**2.1** On June 4, 2018, Plaintiff Jevon Pines visited the public reception area of the King County Maleng Regional Justice Center ("MRJC"). The purpose of Mr. Pines' visit was to put money on the books for his brother, who was at that time an inmate at the MRJC, using a kiosk located in the public reception area for the MRJC visiting center. Mr. Pines arrived shortly before closing time. As he stood in front of the deposit kiosk, Mr. Pines was joined by Defendant McMurrick and Defendant Attaway, who were beginning to close down the lobby for the day. Mr. Pines asked the two officers if they had change, which they said they did not. Shortly thereafter, Attaway and/or McMurrick instructed Mr. Pines to leave the facility as it was closing time. Other patrons remained in the lobby at the time. Mr. Pines remained at the machine, attempting to negotiate with the officers and pleading with them to simply permit him to finish his business as other patrons were being allowed to do. Defendant McMurrick then unplugged

PLAINTIFF'S 1ST AMENDED COMPLAINT

Page 3

THE HORNBUCKLE FIRM
1408 -140th Place N.E., Suite 250
Bellevue, WA  98007
Tel: (425) 679-0742

the kiosk. Defendant McMurrick later testified that, had Mr. Pines not engaged in "verbal abuse" of the officers, he would have been permitted to finish his business and leave as the other patrons were permitted to do.

**2.2** In response to Defendant McMurrick unplugging the kiosk, Mr. Pines called the officer an insulting name multiple times, walking toward the door that led to the building's exit as he spoke. Defendants McMurrick and Attaway pursued and then surrounded Mr. Pines, walking very closely to him as he proceeded down a hallway toward the building's exit. Mr. Pines raised his hands to signify that he was not a threat. He also told the officers not to touch him. As Mr. Pines continued to walk toward the exit, Defendant McMurrick suddenly demanded that Mr. Pines remove his hands from his pockets. Mr. Pines did not immediately do so, but he continued walking toward the exit to leave the building.

**2.3** Officer McMurrick again commanded that Mr. Pines, who was still walking toward the exit, remove his hands from his pockets. Defendant Attaway pulled his taser and pointed it at Mr. Pines. Mr. Pines lifted his hands up, grasping the inside fabric of his pockets and pulling it out as he lifted his arms to demonstrate that he had nothing in his pockets, with his arms high enough to show that he had no weapon in his waistband. At no point did Mr. Pines make any threatening gesture. Defendant McMurrick grabbed Mr. Pines. Defendant Whidby, who had just arrived in response to a call for an officer "needing assistance," entered the hallway at the other end, drew his taser, and applied an electrical shock to Mr. Pines' torso. Then, dissatisfied with the level of Mr. Pines' perceived reaction to the first electrocution, Defendant Whidby immediately applied multiple additional taser shocks. In all, Defendant Whidby's taser logged four separate shock applications ranging in duration from two to nine seconds each.

**2.4** As Defendant Whidby used his taser to repeatedly attack Plaintiff, and as a veritable mob of corrections officers, including Defendant Owens, descended in a pile on top of Mr. Pines' body, Defendant McMurrick struck Mr. Pines in the face several times with a closed fist.

PLAINTIFF'S 1ST AMENDED COMPLAINT

Page 4

THE HORNBUCKLE FIRM
1408 -140th Place N.E., Suite 250
Bellevue, WA  98007
Tel: (425) 679-0742

**2.5** When the King County DAJD Defendants' assault upon Mr. Pines was complete, they placed Plaintiff in handcuffs and held him in custody until the Kent Police Department, Officer Corey Chapman, responded. Defendant McMurrick and Defendant Whidby provided material false statements to Officer Chapman in order to convince Chapman to arrest Plaintiff for a crime, although Plaintiff had committed no crime and Defendants McMurrick and Whidby had no reason to believe otherwise.

**2.6** After taking the statements of McMurrick, Whidby, and Mr. Pines, the City of Kent, by and through Officer Chapman, made no effort to independently investigate the incident to determine whose version of the events was accurate either at the time of arrest or at any point prior to Mr. Pines' criminal trial. For example, any reasonable officer would have known that the hall entrance to the MRJC would have surveillance video which likely recorded the entire incident, but Chapman made no effort on June 4, 2018 or thereafter to obtain or view the video footage. Had Officer Chapman sought out and viewed the video footage, the truthfulness of Mr. Pines' account of the incident and the falsity of the King County DAJD Defendants' statements would have been obvious.

**2.7** Defendants McMurrick, Attaway, Whidby, and Owens each completed a report about the incident following the events in question on June 4, 2018 and these reports were provided to the City of Kent for use in its prosecution. Each of the officers' reports contains material false statements about the incident in question. Also based upon the officers' reports, Plaintiff was prohibited from visiting his brother at the MRJC.

**2.8** On May 15, 2019, Mr. Pines was acquitted of the criminal charge alleging that he assaulted Defendant McMurrick. At no point prior to the jury returning its verdict did the City of Kent, King County, or any of the individual defendants make any effort to seek the dismissal of the charge alleging that Jevon Pines assaulted Defendant McMurrick. Despite his acquittal, Mr. Pines continued to be denied access to visitation with his brother at the MRJC, as his application for video visits was arbitrarily denied.

PLAINTIFF'S 1ST AMENDED COMPLAINT

Page 5

THE HORNBUCKLE FIRM
1408 -140th Place N.E., Suite 250
Bellevue, WA 98007
Tel: (425) 679-0742

# 3. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Fourth Amendment Violations – (Unlawful Seizure and Excessive Force)

**3.1** The Defendant King County DAJD correctional officers, McMurrick, Attaway, Whidby, and Owens, and each of them, acting in their individual capacities and under color of state law, unlawfully seized Plaintiff by means of physical force and show of authority and restrained him of his freedom and his clearly established right under the Fourth Amendment to be free from unreasonable searches and seizures. Defendants did not have probable cause or other lawful justification to detain Plaintiff, yet Plaintiff was surrounded by McMurrick and Attaway as he walked and then ordered by the words and actions of Defendants McMurrick, Attaway, Whidby, and Owens to stop to show his hands and warned that he would be tased if he did not comply. Defendants then used force to physically restrain, search, and handcuff Plaintiff and place him in custody. Defendants' actions, as described above, were objectively unreasonable in light of the facts and circumstances confronting them. Defendants unlawfully seized Plaintiff by means of physical force and show of authority and restrained him of his freedom, causing him physical and emotional pain, harm, and suffering.

**3.2** Plaintiff Jevon Pines also had a clearly established right under the Fourth and Fourteenth Amendments to be free from physical abuse, excessive force, and the use of force to cause him to suffer as well as a clearly established right to be free from excessive force being used against him to effect an arrest, search or seizure. Defendants McMurrick, Attaway, Whidby, and Owens breached the aforementioned duty by depriving Plaintiff of his constitutional rights by using, at a minimum, an intermediate level of force to abuse him. Mr. Pines posed no

PLAINTIFF'S 1ST AMENDED COMPLAINT

Page 6

THE HORNBUCKLE FIRM
1408 -140th Place N.E., Suite 250
Bellevue, WA 98007
Tel: (425) 679-0742

immediate threat to anyone's safety, and the force used against him was excessive under the circumstances and constituted a violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, forbidding unlawful and unreasonable seizures.

**3.3** The defendant corrections officers, McMurrick, Attaway, Whidby, and Owens, and each of them, acting in their individual capacities and under color of state law, acted wantonly and oppressively by grabbing, tackling, repeatedly tasing, and striking Jevon Pines' face and body while detaining him under circumstances where he was not resisting arrest, posed no threat of harm to them or others, and displayed no intention to flee the scene of a crime. This unnecessary and unwarranted use of non-lethal force was an unlawful and excessive use of force under the laws of the United States, the First, Fourth, and Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983. By their acts and omissions described above, Defendants violated Plaintiff Pines' Fourth Amendment rights to be free from unreasonable seizure, including excessive force, and caused him physical and emotional pain, harm, and suffering. Plaintiff was subjected to physical injury, pain, and fear by the illegal acts of Defendants and claims damages for the injuries set forth herein under 42 U.S.C. § 1983 against Defendants for violation of his constitutional rights under color of law in an amount to be proven at trial.

**3.4** By its acts and omissions described above, Defendant King County utilized policies, practices, or customs that permit and authorize the use of unreasonable seizures and excessive force, and these policies, practices, or customs caused the officers in this case to unlawfully seize Plaintiff and to use excessive force on Plaintiff.

PLAINTIFF'S 1ST AMENDED COMPLAINT

Page 7

THE HORNBUCKLE FIRM
1408 -140th Place N.E., Suite 250
Bellevue, WA 98007
Tel: (425) 679-0742

**3.5** Defendant King County is a political subdivision in the State of Washington and a "person" for the purposes of 42 U.S.C. § 1983 and § 1988.

**3.6** The failure of Defendant King County and its Department of Adult and Juvenile Detention to institute policies and provide proper training and supervision regarding the lawful use of seizures and force in interacting with Mr. Pines, an unarmed individual exiting a public area of the MJRC, exhibits a reckless disregard and/or a deliberate indifference to Plaintiff's safety.

**3.7** Defendant King County is liable under 42 U.S.C. § 1983 for such deliberate indifference and the failure to adopt appropriate policies and training to discourage and prevent the unlawful and excessive use of detention and non-lethal force by its correctional officers.

**3.8** The conduct of the defendants in violating Mr. Pines; Fourth Amendment rights was knowing, intentional, and malicious, by reason of which Plaintiff is entitled to punitive damages.

***SECOND CLAIM FOR RELIEF***
*42 U.S.C. § 1983 –First Amendment Violation –Retaliation for Exercise of First Amendment*

**3.9** Plaintiff has a First Amendment right to exercise protected speech, including criticism of a law enforcement officer or the officer's actions, and to be free from police action motivated by retaliatory animus.

PLAINTIFF'S 1ST AMENDED COMPLAINT

Page 8

THE HORNBUCKLE FIRM
1408 -140th Place N.E., Suite 250
Bellevue, WA  98007
Tel: (425) 679-0742

**3.10**   The actions of the Defendant King County DAJD officers McMurrick, Attaway, Whidby, and Owens in violating Plaintiff's Fourth and Fourteenth Amendment rights were in direct retaliation for Mr. Pines' exercising his First Amendment right to criticize the officers and their actions. The protected activity of criticizing the officers was a substantial or motivating factor for the subsequent actions that caused Mr. Pines injury, as evidenced by sworn testimony confirming that Mr. Pines would have been permitted to finish his business at the MRJC and be on his way without disruption on June 4, 2018, but for his "verbally abusive" criticisms directed at Defendants McMurrick and Attaway.

**3.11**   The actions of Defendants in restraining Mr. Pines' movement and using force against him were designed to provoke, intimidate and chill a person of ordinary firmness from criticizing law enforcement and to punish Plaintiff for his critical comments directed at the officers in violation of the First, Fourth and Fourteenth Amendments to the U.S. Constitution.

**3.12**   It is clearly established that an act taken by law enforcement in retaliation for the exercise of a constitutionally protected right such as protected speech is actionable under 42 U.S.C. § 1983. It is also clearly established that a retaliatory police action such as a search, seizure, arrest, or use of force would chill a person of ordinary firmness from engaging in future First Amendment activities.

**3.13**   As a direct and proximate result and consequence of Defendants' unlawful conduct as described above, Plaintiff was subjected to physical injury, pain, and fear by the illegal acts of Defendants and claims damages for the injuries set forth herein under 42 U.S.C. § 1983 against Defendants for violation of his constitutional rights under color of law in an amount to be proven at trial.

**3.14** By its acts and omissions described above, Defendant King County utilized a policy, practice, or custom that permits and authorizes seizures and/or the use of force as retaliation for the exercise of First Amendment activities, and that this policy, practice, or custom caused the King County DAJD defendants in this case to use seizure, force, and arrest as a means of retaliation for Plaintiff's protected speech.

**3.15** The failure of Defendant King County and its Department of Adult and Juvenile Detention to institute policies and provide proper training and supervision regarding the use of seizures, force, and arrest as retaliation for the exercise of First Amendment activities, exhibits a reckless disregard and/or a deliberate indifference to Plaintiff's safety.

**3.16** Defendant King County is liable under 42 U.S.C. § 1983 for such deliberate indifference and the failure to adopt appropriate policies and training to discourage and prevent the use of seizure, force, and arrest by its correctional officers as retaliation for the exercise of First Amendment activities.

**3.17** The conduct of the defendants in violating Mr. Pines; First Amendment rights was knowing, intentional, and malicious, by reason of which Plaintiff is entitled to punitive damages.

### THIRD CLAIM FOR RELIEF
*Malicious Prosecution*

**3.18** Defendant King County, by virtue of the actions of the King County DAJD officers set forth above, and Defendant City of Kent, by virtue of the actions of Officer Chapman, are liable to Plaintiff for common law malicious prosecution under Washington law, which was the proximate cause of injury to Plaintiff in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF
*Negligence*

PLAINTIFF'S 1ST AMENDED COMPLAINT

Page 10

THE HORNBUCKLE FIRM
1408 -140th Place N.E., Suite 250
Bellevue, WA 98007
Tel: (425) 679-0742

**3.19** As stated more fully above, Defendants McMurrick, Attaway, Whidby, Owens, King County, and City of Kent failed to fulfill their duty of reasonable care in the performance of their official duties and such negligence was the proximate cause of injury to Plaintiff in an amount to be proven at trial.

## 4. COLOR OF STATE LAW AND AGENCY

**4.1** The actions and omissions of the Defendants set out in the paragraphs above were all engaged in under color of the laws of the State of Washington. At all relevant times, Defendants McMurrick, Attaway, Whidby, and Owens were acting within the scope of their employment by King County and Officer Chapman was acting within the scope of his employment by the City of Kent.

## 5. REQUEST FOR RELIEF

**5.1** Plaintiff respectfully requests the following relief:

1. A declaration that Defendants' actions violated the civil rights of Plaintiff;
2. An order enjoining Defendants from future violations of civil rights of Plaintiff;
3. Damages for physical harm and pain and suffering;
4. Damages for emotional distress and harm;
5. Punitive damages against the individual defendants;
6. Pre-judgment and post-judgment interest on any awarded amounts;
7. Attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable law;
8. Pre- and post-judgment interest at the lawful rate;
9. The right to conform the pleadings to the evidence presented; and
10. Other declaratory and injunctive relief as the Court deems just and equitable.

WHEREFORE, Plaintiff prays for judgment against Defendants, for damages in the amount determined by the trier of fact, together with costs and interest as allowed by law, together with such further relief as the Court deems just and equitable.

DATED this 24th day of May, 2021.

Respectfully Submitted,

By _____
Jacey Liu, WSBA #43207
Stephen Hornbuckle, WSBA #39065
THE HORNBUCKLE FIRM
1408 – 140th Place N.E., Suite 250
Bellevue, WA 98007
Tel: (425) 679-0742
Fax: (425) 679-0002
*Attorneys for Plaintiff*